# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

GREGORY JEAN-LOUIS                     CIVIL ACTION NO. 08-0481

VS.                                    SECTION P

LOUISIANA STATE PENITENTIARY           JUDGE DOHERTY

                                       MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on March 28, 2008 by *pro se* petitioner Gregory Jean-Louis.[1]  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving a life sentence imposed following petitioner's February 7, 1996 conviction for second degree murder entered in the Fifteenth Judicial District Court for Lafayette Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it is barred by the one-year period of limitations codified at 28 U.S.C. § 2244(d).

---

[1]The petition was filed by the Clerk of this court on April 3, 2008.  However, correspondence submitted with the petition is dated and signed by petitioner on March 28, 2008, and the envelope containing the petition is postmarked April 2, 2008. Accordingly, the undersigned has given petitioner the benefit of the "mailbox rule", recognizing the earliest date petitioner could have delivered his pleadings to prison officials for mailing as March 28, 2008 *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir.1998).

**<u>Statement of the Case</u>**

On February 7, 1996, following a jury trial, petitioner was convicted of second degree murder.  Petitioner was subsequently sentenced to life imprisonment.

On November 6, 1996, petitioner's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals.  *State v. Jeanlouis*, 683 So.2d 1355 (La. App. 3rd Cir. 1996).  The Louisiana Supreme Court denied petitioner's request for discretionary review on April 18, 1997.  *State v. JeanLouis*, 1996 K 2822 (La. 4/18/1997), 692 So.2d 446.  Petitioner did not seek further direct review in the United States Supreme Court.

On September 8, 1998, petitioner alleges that he filed an Application for Post-Conviction Relief in the Fifteenth Judicial District Court. [*see* rec. doc. 1, p.3, ¶ 7(b)(iii); 1-3, pg. 2].  In that Application, petitioner claims to have raised claims that his trial counsel was ineffective.  An evidentiary hearing was allegedly held on July 18, 2005, and thereafter, on September 2, 2005, the trial court  denied petitioner's claims for relief.

On February 9, 2006, in an unpublished decision, the Louisiana Third Circuit Court of Appeal denied petitioner's request for writs.  *State v. Jean-Louis*, KW 05-1225 (La. App. 3rd Cir. 2/9/2006) (unpublished).  The Louisiana Supreme Court denied petitioner's writ application on November 9, 2009 without comment.  *State v. Jean-Louis*, 2006 KP 0561 (La. 11/9/2006), 941 So.2d 32; [rec. doc. 1, pg. 4, ¶ 7(b)(ix); 1-3. pg. 2].

2

The instant petition was filed, at the earliest, on March 28, 2008.[2]   Petitioner raises the same claims of ineffective assistance of counsel he allegedly raised in state post-conviction proceedings.

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year period of limitations for the filing of an application for writ of *habeas corpus* by state convicts.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[3]

The tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).

---

[2]*See* fn. 1, *supra.*

[3] Petitioner alleges no state created impediment which implicates the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered.   *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D).  Accordingly, these subsections are inapplicable.

3

Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

In order to do an accurate timeliness analysis under § 2244(d)(1)(A), three dates are generally necessary: (1) the date upon which the judgment became final, either by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date upon which an application for post-conviction or other collateral relief was properly filed; and (3) the date upon which the application for post-conviction or other collateral relief ceased to be properly filed and thus was no longer pending.

Review of petitioner's conviction and sentence on direct appeal was denied by the Louisiana Supreme Court on April 18, 1997, and petitioner did not seek further direct review in the United States Supreme Court.  Thus, petitioner's conviction became final after the delay for seeking direct review in the United States Supreme Court expired, that is, at the latest, July 18, 1997, ninety days after the Louisiana Supreme Court denied petitioner's writ application.  *See* Louisiana Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999);  *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1077 at fn. 3 (2003). Under 28 U.S.C. § 2244(d)(1), petitioner had one year from that date, or until July 18, 1998, to file for relief in this court.

Petitioner allegedly filed his Application for Post-Conviction Relief in the 15th Judicial District Court on September 8, 1998, and this filing allegedly remained properly

4

filed and pending (and thus tolled the limitations period) until November 9, 2006 when the Louisiana Supreme Court denied discretionary review. *See Lawrence v. Florida,*-- U.S. --, 127 S.Ct. 1079, 1083-1084 (2007) (holding that statutory tolling ends when the state courts have finally resolved an application for post-conviction relief, that is, when the highest state court has issued its ruling).  Therefore, prior to filing his Post-Conviction Application in state court, a period of 51 days of the one-year limitation period had elapsed.

Petitioner did not file the instant federal petition for *habeas corpus* relief until approximately one year, four and one-half months later, at the earliest, on March 28, 2008.[4]  By that time, however, the federal one-year limitation period had expired; a period of approximately one and one-half un-tolled years had elapsed.  Therefore, giving petitioner the benefit of every doubt, it is clear that the instant federal *habeas* petition is statutorily time-barred, and dismissal on that basis is appropriate.

Petitioner is also unable to rely upon the doctrine of equitable tolling.  To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d

---

[4]*See* fn. 1, *supra.*

260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing.  Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714.  *See also Coleman,* 184 F.3d at 402.  Even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel.  *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief.  Here, petitioner waited well over one year after the Louisiana Supreme Court denied review in post-conviction proceedings before filing in this court.  As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 *citing Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the

one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, May 27, 2008.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE