**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREGORY JEAN-LOUIS** | **CIVIL ACTION NO. 08-0481** |
| **VS.** | **SECTION P** |
| **LOUISIANA STATE PENITENTIARY** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Before the Court the Motion for Relief from Judgment pursuant to FRCP Rule 60(b) filed in proper person by Gregory Jeanlouis. [rec. doc. 25]. Petitioner is currently confined in the Louisiana State Penitentiary in Angola, Louisiana, serving a life sentence imposed following petitioner's February 7, 1996 conviction for second degree murder. This matter was referred to the undersigned for Report and Recommendation.

### FACTUAL AND PROCEDURAL HISTORY

By this motion, Jeanlouis requests that this court vacate it's previous June 16, 2008 Judgement denying and dismissing his untimely filed federal petition for *habeas corpus* relief pursuant to FRCP Rule 60(b)(6). Jeanlouis contends that this court should reconsider its prior decision finding his federal *habeas corpus* petition barred by the one year time limitation codified at 28 U.S.C. § 2244(d) because his alleged incompetence to stand trial in 1996 constituted a "fraud upon the court." After presenting this conclusory claim to relief under Rule 60(b), Jeanlouis rambles on for over eighty pages challenging the state court's determination of his competence and his alleged ineffective assistance of

trial counsel, in essence requesting this court to review the merits of his untimely filed petition. He does not assert any procedural defect in this court's prior resolution of his petition such as a misapplication of the statute of limitation, but rather directly attacks the substance of the state court's findings with respect to his claims on the merits.

This court's record indicates that by Report and Recommendation, the undersigned recommended that petitioner's *habeas corpus* petition be dismissed as time barred. This recommendation was primarily based on the fact that petitioner did not file his federal *habeas* petition until March 28, 2008, approximately one year and four and one-half months after the Louisiana Supreme Court's November 9, 2006 denial of petitioner's writ application in post-conviction proceedings, and the undersigned's finding that petitioner was not entitled to equitable tolling. [rec. doc. 6]. After consideration of petitioner's objections, on June 16, 2008, Judge Doherty determined that the undersigned's findings and recommendation were correct, and accordingly, dismissed Jeanlouis' petition as barred by the one-year statute of limitations codified at 28 U.S.C. § 2244(d). [rec. doc. 10]. Petitioner's "Motion for Rehearing *En Banc*" was denied by the Court on July 10, 2008. [rec. doc. 12].

Petitioner attempted to appeal this Court's Judgment to the United States Fifth Circuit Court of Appeals, arguing that a Certificate of Appealability should be issued on grounds that the limitations period should have been equitably tolled due to his mental illness. On March 19, 2009, the Fifth Circuit rejected petitioner's argument and denied

his request for a certificate of appealability. [rec. doc. 24].

Despite the appellate court's adverse ruling with respect to his untimely filed § 2254 petition, on June 15, 2009, Jeanlouis filed the instant Motion, purportedly under Rule 60(b), in which he again attempts to obtain review of the merits of his claims.

For the following reasons, the undersigned **RECOMMENDS** that the instant Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b) be construed as a second or successive federal *habeas corpus* petition pursuant to 28 U.S.C. §2244(b) and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively, **DENIED** and **DISMISSED** on the merits.

## LAW AND ANALYSIS

**I. Second or Successive Petition**

In light of the above procedural history, as a threshold matter, this court must determine whether petitioner's Motion is properly construed as a second and successive § 2254 petition filed without proper authorization or whether this court has jurisdiction to consider petitioner's motion under Rule 60(b).

Petitioner cites the United States Supreme Court's decision in *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005) in support of the instant Rule 60(b) Motion. In *Gonzalez*, the Court held that relief is available under Rule 60(b) in *habeas* proceedings, but only to the extent that the Motion is not inconsistent with the federal statutory provisions and rules set forth by AEDPA, including its limits on successive federal

petitions. *Id.* at 529.

The Court held that a Rule 60(b) Motion filed after disposition of a § 2254 *habeas corpus* petition is properly construed as a successive *habeas* petition if it presents a "claim." *Id.* at 530. A "claim" is defined as "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* The Court explained that a Rule 60(b) Motion filed after disposition of a § 2254 *habeas corpus* petition advancing one or more new "claims" or attacking the federal court's previous resolution of a "claim" on the merits, although labeled a Rule 60(b) Motion, is, in substance, a successive *habeas* petition and should therefore be treated accordingly. *Id.* at 530-531. The Court recognized that if this were not the case, such pleadings would be inconsistent with and circumvent AEDPA's requirements on the filing of *habeas corpus* actions. *Id*. at 531.

On the other hand, when no "claim" is presented, that is, when neither the Motion itself, nor the federal judgment from which it seeks relief, substantively addresses federal grounds for setting aside the movant's conviction or sentence, allowing the Motion to proceed as denominated creates no inconsistency with the *habeas* statutes or rules, and therefore the Motion may properly be considered. *Id*. at 533. In other words, "a Rule 60(b) Motion in a § 2254 case is not to be treated as a successive *habeas* petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538. Thus, when a 60(b) Motion asserts some defect in the integrity of the federal *habeas* proceeding, such as a procedural argument that the federal court misapplied the federal

statute of limitations, no "claim" is presented and hence, the Motion is not a new collateral attack. *Id.* at 532. *See also United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

In this case, the Motion itself *substantively* addresses numerous federal grounds for setting aside petitioner's state court conviction. Petitioner asserts not only his counsel's ineffectiveness for allegedly failing to present an insanity defense or evidence of his alleged mental defect (the sole ground for relief in the prior petition), but he also raises a host of "new" claims directed at the state court's determination of his competency to stand trial.

Petitioner does not seek to cure a procedural defect with respect to this court's prior disposition of his petition. There is no procedural argument presented and petitioner asserts no defect in the integrity of these federal proceedings. Thus, allowing the motion to proceed as denominated creates an inconsistency with the *habeas* statutes and rules, and therefore the Motion may not properly be considered. In other words, because the Motion does not challenge this court's failure to reach and address the merits of his petition based on some procedural error, but rather the Motion presents "claims" for relief directed at the validity of the underlying state court judgment of conviction, the instant Motion constitutes a new collateral attack. *See Bishop v. Epps*, 2008 WL 2831273, *3 (5th Cir. 2008); *United States v. Bain*, 2009 WL 320702, *2 (5th Cir. 2009); *United States v. Berry*, 262 Fed.Appx. 614 (5th Cir. 2008). As such, the instant Motion is a successive

§ 2254 petition that requires pre-certification from the appropriate appellate court.

Before a petitioner can proceed with a second or successive *habeas* petition, he is required to move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).[1] Petitioner has not received such authorization. Accordingly, until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this court lacks subject matter jurisdiction to consider this motion and the motion must be dismissed on that basis.

**II. Merits**

However, in the event that this court has jurisdiction to entertain the instant Motion, it is clear that relief under Rule 60(b) is unavailable to Jeanlouis. Rule 60(b) provides six alternative grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

---

[1] Title 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

application; or (6) any other reason justifying relief from operation of the judgment."

Generally, the burden of establishing at least one of these reasons is on the moving party. *United States v. Harrison County, Mississippi,* 463 F.2d 1328, 1330 (5th Cir.1972). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*).

Jeanlouis recites the language of Rule 60(b), and conclusorily asserts that his alleged incompetence during his state court criminal proceedings in some way constitutes a "fraud upon [this] court." He fails to explain why, pursuant to FRCP 60(b), he should be relieved from this court's judgment finding his federal *habeas* petition was untimely filed. Rather, petitioner makes a vague reference to Rule 60(b) in an attempt to gain merits review of claims previously presented to this court in an untimely fashion, without any argument whatsoever that this court's prior disposition was in any way procedurally improper. Indeed, given the Fifth Circuit's denial of petitioner's request for a certificate of appealability, it would appear that any such argument is foreclosed.

Furthermore, as noted by the United States Supreme Court in *Gonzalez*, while fraud on the federal *habeas* court may justify Rule 60(b) relief, the fraud must relate "to the integrity of the federal *habeas* proceeding, not to the integrity of the state criminal trial." *Gonzalez,* 545 U.S. at 532 fn. 5 *quoting Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2nd Cir, 2002). Petitioner's alleged "fraud" is in connection with the state court's

determination of his competency to stand trial, and is unrelated to this federal *habeas corpus* proceeding. For these reasons, Jeanlouis has failed to satisfy his burden of establishing a permissible reason for relief under Rule 60(b). Accordingly, petitioner's Rule 60(b) Motion should be denied on the merits.

The undersigned also notes that on the record before this court, Jeanlouis does not qualify for relief under subsections one through five of Rule 60(b). Jeanlouis has not established mistake, inadvertence, surprise, or excusable neglect with respect to this or the appellate court's prior disposition of his § 2254 petition.[2] Moreover, his proposed substantive claims are not based on newly discovered evidence which in the exercise of due diligence could not have been previously discovered. To the contrary, petitioner's claims focus on events which occurred prior to and during his 1996 state court trial and during state post-conviction proceedings which began in 1998 and ended in 2006. There was no fraud, misrepresentation, or other misconduct by the State during these proceedings. To the contrary, Jeanlouis' petition was denied and dismissed *sua sponte* by this court without the necessity of a response by the State. Petitioner's judgment of conviction and sentence are not void, and this court's prior judgment with respect to petitioner's § 2254 motion has not been reversed or otherwise vacated, nor is it inequitable that this judgment have prospective application.

---

[2]Section 60(b)(1) is addressed to mistake, inadvertence, surprise or excusable neglect in connection with the *habeas* proceeding and not the trial at which the *habeas* proceeding is aimed. *Yuk Chun Kwong v. United States*, 2005 WL 2076599, *2 (E.D.N.Y. 2005) (citations omitted).

Moreover, Jeanlouis does not qualify for relief under Rule 60(b)(6). Rule 60(b)(6) operates as a catchall provision. *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002). Accordingly, relief under Rule 60(b)(6) is warranted only in "exceptional circumstances." *Id*.; *Gonzalez,* 545 U.S. at 536. This case simply does not present the court with the unique circumstances warranting relief under Rule 60(b)(6). Jeanlouis had an opportunity to object to the undersigned's Report and Recommendation and he availed himself of that opportunity. Moreover, Jeanlouis sought a "rehearing" on his claims in this court. Jeanlouis also sought appellate review of this court's adverse decision.

While the Fifth Circuit declined to grant petitioner an appeal of this court's decision, Rule 60(b) motions may not be used as a substitute for the ordinary appellate process. *See Hess,* 281 F.3d at 216. *See also Cureaux v. United States,* 124 Fed.Appx. 826, 827 (5th Cir. 2005). For these reasons, exceptional circumstances are not present and relief under Rule 60(b)(6) is not warranted.

Accordingly;

**IT IS RECOMMENDED** that the instant Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b) be construed as a second or successive federal *habeas corpus* petition pursuant to 28 U.S.C. §2244(b) and therefore be **DISMISSED** for lack of subject matter jurisdiction, and alternatively, **DENIED** and **DISMISSED** on the merits.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 17th day of August, 2009.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE
