UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY JEANLOUIS** | **CIVIL ACTION NO. 08-0481** |
| **VS.** | **SECTION P** |
| **LOUISIANA STATE PENITENTIARY** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Relief from Judgment pursuant to Fed. R Civ. P. 60(b) filed in proper person by Gregory Jeanlouis on June 6, 2011.[1] [rec. doc. 42]. This is the second such Motion filed by Petitioner. Petitioner is currently confined in the Louisiana State Penitentiary in Angola, Louisiana, serving a life sentence imposed following petitioner's February 7, 1996 conviction for second degree murder. This matter was referred to the undersigned for Report and Recommendation.

FACTUAL AND PROCEDURAL HISTORY

By this motion, Jeanlouis again requests that this court vacate it's previous June 16, 2008 Judgement denying and dismissing his untimely filed federal petition for *habeas corpus* relief pursuant to Fed. R Civ. P. 60(b)(6). Jeanlouis contends that this court should reconsider its prior decision finding his federal *habeas corpus* petition barred by the one year time limitation codified at 28 U.S.C. § 2244(d) under the United States Supreme Court's decision in *Holland v. Florida*, - - U.S. - - , 130 S.Ct. 2549 (June 14, 2010). Thus,

---

[1]The pleading is signed by Jeanlouis on June 6, 2011. Accordingly, the undersigned has given petitioner the benefit of the mailbox rule.

petitioner challenges this court's finding that he is not entitled to equitable tolling of the statute of limitations.

In support, petitioner alleges that "attorney Jason Robediexux [sic] of Lafayette, La. failure to file petitioner's federal habeas corpus petition timely, despite his being hired four months before the July 18, 1998 deadline, despite repeated instruction to do so. Thus depriving the unknowing petitioner [of] as many as four months of his limitation before it was discovered." [rec. doc. 42, pg. 8].

This court's record indicates that by Report and Recommendation, the undersigned recommended that petitioner's *habeas corpus* petition be dismissed as time barred. This recommendation was primarily based on the fact that petitioner did not file his federal *habeas* petition until March 28, 2008, approximately one year and four and one-half months after the Louisiana Supreme Court's November 9, 2006 denial of petitioner's writ application in post-conviction proceedings, thus petitioner was statutorily time-barred and not entitled to equitable tolling. [rec. doc. 6].

After consideration of petitioner's objections, on June 16, 2008, Judge Doherty determined that the undersigned's findings and recommendation were correct, and, accordingly, dismissed Jeanlouis' petition as barred by the one-year statute of limitations codified at 28 U.S.C. § 2244(d). [rec. doc. 10]. Petitioner's "Motion for Rehearing *En Banc*" was denied by this court on July 10, 2008. [rec. doc. 12].

Petitioner attempted to appeal this court's Judgment to the United States Fifth Circuit Court of Appeals, arguing that a certificate of appealability should be issued on grounds that the limitations period should have been equitably tolled due to his mental

illness. However, on March 19, 2009, the Fifth Circuit rejected petitioner's argument and denied his request for a certificate of appealability. [rec. doc. 24].

Despite the Fifth Circuit's adverse ruling with respect to his untimely filed § 2254 petition, on June 15, 2009, Jeanlouis filed a Motion, purportedly under Rule 60(b), in which he again attempted to obtain review of the merits of his claims. [rec. doc. 25]. In his Motion, Jeanlouis argued that this court should reconsider its prior decision finding his federal *habeas corpus* petition barred by the one year time limitation period because his alleged incompetence to stand trial in 1996 constituted a "fraud upon the court." By Report and Recommendation, the undersigned recommended that petitioner's Motion be construed as a second or successive federal *habeas* petition, filed without pre-authorization from the Fifth Circuit Court of Appeals, and, therefore, be dismissed for lack of subject matter jurisdiction, and, alternatively, to the extent the pleading could be construed as a Rule 60(b) Motion, denied and dismissed on the merits. [rec. doc. 27]. After conducting an independent review of the record, on September 10, 2009, Judge Doherty concurred with the undersigned's recommendation. [rec. doc. 29].

Thereafter, on September 17, 2009, petitioner filed untimely objections to the undersigned's Report and Recommendation. [rec. doc. 30]. He additionally filed a Motion for Reconsideration. [rec. doc. 31]. Judge Doherty granted reconsideration, and, after consideration of petitioner's objections, on September 29, 2009, determined that the undersigned's findings and recommendation remained correct, and, accordingly, denied petitioner's Motion for lack of subject matter jurisdiction, and, alternatively, denied and dismissed the Motion on the merits. [rec. doc. 32]. Petitioner's appeal of that Ruling was

dismissed by the Fifth Circuit Court of Appeals on December 7, 2009. [rec. doc. 41].

For the following reasons, the undersigned **RECOMMENDS** that the instant Motion for Relief from Judgment Pursuant to Fed. R Civ. P. 60(b) be **DENIED** and **DISMISSED**.

## LAW AND ANALYSIS

It is clear that relief under Rule 60(b) is unavailable to Jeanlouis. Rule 60(b) provides six alternative grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Generally, the burden of establishing at least one of these reasons is on the moving party. *United States v. Harrison County, Mississippi,* 463 F.2d 1328, 1330 (5th Cir. 1972). The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*).

Jeanlouis relies on the fifth ground, arguing that it is no longer equitable for this court's judgment to stand. He cites *Holland v. Florida* and conclusorily asserts, without any documentation in support of his claim, and despite extensive litigation of the timeliness of his petition, that he hired an attorney, Jason Robideaux, in 1998, four months

before the expiration of this court's one-year limitation period, and that this attorney failed to file his federal petition.

Given the Fifth Circuit's denial of petitioner's request for a certificate of appealability, it would appear that any such argument is now foreclosed. Moreover, petitioner's reliance on *Holland v. Florida* is misplaced. In *Holland*, the United States Supreme Court held that AEDPA's statutory limitations period set forth in § 2244(d) may be equitably tolled in appropriate cases. *Holland,* 130 S.Ct. at 2560. However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotations and citations omitted). The decision as to whether to exercise the "court's equity powers . . . must be made on a case-by-case basis." *Id*. at 2563.

With respect to the first requirement, the Court held that, for equitable tolling purposes, the petitioner must demonstrate "reasonable diligence." *Id*. at 2565. Given Holland's repeated written inquiries to his attorney regarding his case in which he provided legal guidance, his written correspondence to his attorney, the state courts and their clerks, requesting notice of the status of his state court proceedings, his contact with the Florida State Bar Association in an effort to have his attorney, Collins, removed from his case and his preparation and filing of a *pro se* federal petition the day he discovered that the federal limitation period had run, the court found that Holland had exercised reasonable diligence. *Id*.

With respect to the second requirement, the Court held that an attorney's failure to satisfy professional standards of care may constitute an "extraordinary circumstance" warranting equitable tolling. *Id*. at 2563-2564. In so holding, the Court rejected the Eleventh Circuit's standard, that attorney misconduct can never warrant tolling absent "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" as too rigid. *Id.* at 2563. The Court reaffirmed that "a garden variety claim of attorney negligence" or "excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 2564 (internal quotations and citations omitted). Rather, the unprofessional conduct must involve "far more serious instances of attorney misconduct." *Id*.

The Court did not provide specific guidance on what conduct would constitute a "far more serious instance." However, while declining to determine if Holland's case constituted an "extraordinary instance in which petitioner's attorney's conduct constituted far more than garden variety or excusable neglect", the Court suggested that the facts of the case might rise to that level because not only did Holland's attorney miscalculate the date on which the limitations period expired, he did so despite being told the applicable legal rules to properly calculate the deadline by Holland, while ignoring Holland's repeated requests to timely file the petition, and Holland's repeated requests for notice of the date his state court proceeding was ultimately denied by the Louisiana Supreme Court so that the petition would not be late, instead, declining to communicate with, or respond

to, petitioner's numerous letters over a period of years.[2]

In this case, at the time that petitioner alleges that he retained Robideaux to file his federal *habeas* petition in 1998, petitioner had not yet filed his state application for post-conviction relief in which he raised the ineffective assistance of counsel claims subsequently raised in this court ten years later. Thus, any federal petition filed by Robideaux would have been dismissed without prejudice for failure to exhaust state court remedies; the claims were not ripe for review until November 9, 2006 when the Louisiana Supreme Court denied writs in post-conviction proceedings. The alleged failure of Mr. Robideaux therefore had no effect on the dismissal of Jeanlouis' federal petition.

To the contrary, as previously noted, the dismissal of Jeanlouis' federal petition was primarily based on the fact that petitioner did not file his federal *habeas* petition until March 28, 2008, approximately one year and four and one-half months *after* the Louisiana Supreme Court's November 9, 2006 denial of petitioner's writ application in post-conviction proceedings. [rec. doc. 6]. This court found that petitioner was not entitled to equitable tolling because he failed to diligently pursue federal *habeas* relief – petitioner waited well over one year after the Louisiana Supreme Court denied review of his ineffective assistance of counsel claims in post-conviction proceedings before filing for

---

[2] The Supreme Court noted "Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters." *Id*. at 2564.

review of those claims in this court.  Had he not waited well over one year to seek review in this court, the instant petition would not have been time-barred.

Under the circumstances of this case, given petitioner's extensive delay before the filing of the instant petition, it clearly cannot be said that petitioner acted with "reasonable diligence." *See Holland* at 2565.  The court's previous finding that petitioner is not entitled to equitable tolling should therefore not be disturbed under the Supreme Court's decision in *Holland*.

Furthermore, while petitioner's present claim is suspect, even accepting petitioner's allegations as true, Mr. Robideaux's alleged inaction constitutes no more than "a garden variety claim of attorney negligence" or "excusable neglect" which do not rise to the level of a "far more serious instance[] of attorney misconduct" to warrant equitable tolling.  *See Holland,* at 2564.  The facts of this case indicate that Robideaux allegedly failed to file a federal petition which was not, at the time of the request, ripe for review.  Therefore, at best, these allegations constitute mere excusable neglect.

In sum, the *Holland* decision does not render this court's previous judgment "no longer equitable" such that the judgment should not have prospective application.  Accordingly, Jeanlouis has failed to satisfy his burden of establishing a permissible reason for relief under Rule 60(b).[3]  Petitioner's Rule 60(b) Motion should therefore be denied on

---

[3] The undersigned also notes that on the record before this court, Jeanlouis does not qualify for relief under subsections one through four of Rule 60(b).  Jeanlouis has not established mistake, inadvertence, surprise, or excusable neglect with respect to this or the appellate court's prior disposition of his § 2254 petition.  Moreover, petitioner's present claim is not based on newly discovered evidence which in the exercise of reasonable diligence could not have been previously discovered.  To the contrary, petitioner's claim focuses on events which allegedly occurred in 1998.  There are no allegations of fraud, misrepresentation, or misconduct by the State during these proceedings.  To the contrary, Jeanlouis' petition was denied and dismissed *sua sponte* by this court without the

the merits. Accordingly;

**IT IS RECOMMENDED** that the instant Motion for Relief from Judgment Pursuant to Fed. R Civ. P. 60(b) [rec. doc. 42] be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 24th day of June, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

necessity of a response by the State.

    Moreover, Jeanlouis does not qualify for relief under Rule 60(b)(6). Rule 60(b)(6) operates as a catchall provision. *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002). Accordingly, relief under Rule 60(b)(6) is warranted only in "extraordinary circumstances." *Id*.; *Gonzalez v. Crosby,* 545 U.S. 524, 536, 125 S.Ct. 2641 (2005). This case simply does not present the court with the unique circumstances warranting relief under Rule 60(b)(6).